O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#130

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 10-00011 PSG | Date | Sept. 6, 2011 |
|---|---|---|---|
| Title | U.S.A. v. Richard R. Lopez, Jr., M.D. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order DENYING Defendant's motion to preclude presentation of a concealment theory**

　　Before the Court is Defendant Richard R. Lopez, Jr.'s ("Defendant" or "Dr. Lopez") motion to preclude the government's presentation of a concealment theory. As the parties are well aware, Defendant has been charged with violating 18 U.S.C. § 1001(a)(1), which makes it a crime to "knowingly and willfully . . . falsif[y] conceal[ ], or cover[] up by any trick, scheme, or device a material fact." The Indictment further charges him with violating 18 U.S.C. § 1519, which criminalizes whoever "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede obstruct, or influence...." Now, in bringing this motion, Defendant argues that permitting the government to present evidence in support of a concealment theory under either these statutes would violate due process, "massively broaden" the case, and result in unfair prejudice and confusion.

　　The Court, however, disagrees. As it has previously noted, the Indictment alleges that Defendant engaged in a variety of tricks, schemes, and devices in order to falsify, conceal, and cover up the fact that a liver intended for A-H was instead transplanted into A-B. *Order Denying Defendant's Motion to Dismiss* at 8 [Dkt. # 82 (Nov. 18, 2010)]; *see also* Indictment ¶ 41. Specifically, the misconduct alleged includes "direct misrepresentations (such as the false report that A-H had been transplanted, and falsified pathology report), misleading statements and concealments (such as defendant's statements in response to the UNOS audit), and obstruction (such as asking another administrator to 'take the hit for this')." *Opp'n* 2:6-11 [Dkt. # 137 (July 28, 2011)]. Thus, as the Court has already explained in its November 18, 2010 Order, because the government has alleged multiple ways Defendant violated these statutes, there is no basis for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#130**

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 10-00011 PSG | Date | Sept. 6, 2011 |
|---|---|---|---|
| Title | U.S.A. v. Richard R. Lopez, Jr., M.D. | | |

fracturing the charges to preclude presentation of evidence relating to alleged acts of concealment.[1] *Order Denying Defendant's Motion to Dismiss,* Dkt. # 82 (Nov. 18, 2010).

     Although the Court recognizes that the government's intention is not to proceed on a theory of non-disclosure alone, *see Opp'n* 3:8-10, in the event it is unable to prove anything beyond mere non-disclosure, the Court agrees with the government that the matter can be adequately addressed through jury instructions and/or a motion to dismiss at the close of the government's case.

     Accordingly, Defendant's motion to preclude presentation of a concealment theory is DENIED.

     **IT IS SO ORDERED.**

---

[1] Given that this case is not about non-disclosure alone, the Court need not address Defendant's contention that there can be no criminal liability for concealment under Section 1001 absent an affirmative duty to disclose. *See U.S. v. De Rosa,* 783 F.2d 1401, 1407 (9th Cir. 1986) ("[S]ection 1001 does not limit its prohibition against falsification to matters that another statute or a regulation requires a person to provide."). Moreover, the Court has already rejected Defendant's arguments regarding an independent statutory duty. *See Order Denying Defendant's Motion to Dismiss,* 8-9 [Dkt. # 82 (Nov. 18, 2010)].